[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 24-10468

Non-Argument Calendar

_____

ABDELAZIZ HAMZE,

                                                                      Plaintiff-Appellant,

*versus*

SETTLEMIRES,
Lieutenant,
KOSANOVICH,
SIMMONS,
Officers,
NEEL,
Sergeant,
WHITE,
Officer, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 3:22-cv-04978-TKW-ZCB

_____

Before WILSON, GRANT, and ABUDU, Circuit Judges.

PER CURIAM:

    Appellant Abdelaziz Hamze, a Florida prisoner proceeding *pro se*, appeals the November 3, 2023 final judgment entered in favor of the Appellees after a jury trial. We dismissed this appeal for want of prosecution because Hamze failed to pay the appellate filing and docketing fees and make satisfactory financial arrangements for trial transcripts. Hamze has now filed a consent form with this Court, which we have construed as a motion for leave to proceed, curing his failure to pay the fees. He has also filed a motion for transcripts at government expense, which we have also construed as a motion to reinstate his appeal, curing his failure to arrange for trial transcripts. Because Hamze has cured the deficiencies that caused his appeal to be dismissed for want of prosecution, his construed motion to reinstate the appeal is GRANTED, and the appeal is hereby reinstated.

    However, we conclude that we lack jurisdiction to review this appeal because Hamze's notice of appeal, deemed filed on

24-10468               Opinion of the Court                        3

February 7, 2024, is untimely to challenge the final judgment in this case. Hamze filed two post-judgment motions, which we construe as timely tolling motions for a new trial, so the appeal deadline did not begin to run until the district court entered an order denying those motions on November 16, 2023. *See* Fed. R. App. P. 4(a)(4)(A); Fed. R. Civ. P. 59(b). However, Hamze did not file his notice of appeal until almost three months later, outside of the 30-day appeal period. *See Green v. Drug Enf't Admin.*, 606 F.3d 1296, 1300 (11th Cir. 2010); Fed. R. App. P. 4(a)(1)(A); 28 U.S.C. § 2107(a). Hamze asserts in his notice of appeal that the defendants' motion for taxation of costs tolled the time to appeal, but he is incorrect because (1) only a Fed. R. Civ. P. 54(d)(2) motion for attorney's fees can toll the time to appeal, and the defendants' motion was a Rule 54(d)(1) motion for taxation of costs; and (2) a Rule 54(d)(2) motion does not toll the time to appeal unless the district court concludes that it should, and the court did not do so here. *See* Fed. R. App. P. 4(a)(4)(A)(iii) (providing that a timely motion for attorney's fees under Rule 54 can toll the appeal deadline "if the district court extends the time to appeal under Rule 58"); Fed. R. Civ. P. 58(e) ("Ordinarily, the entry of judgment may not be delayed, nor the time for appeal extended, in order to tax costs or award fees. But if a timely motion for attorney's fees is made under Rule 54(d)(2), the court may act before a notice of appeal has been filed . . . to order that the motion [toll the time to appeal] . . . .").

Furthermore, to the extent that Hamze's notice of appeal challenges the district court clerk's January 22, 2024 taxation of costs, we lack jurisdiction to review that clerk action. *See* 28 U.S.C.

| 4 | Opinion of the Court | 24-10468 |

§ 1291; *CSX Transp., Inc. v. City of Garden City*, 235 F.3d 1325, 1327 (11th Cir. 2000) (providing that we generally only have jurisdiction to review the final decisions of district courts); Fed. R. Civ. P. 54(d)(1) (providing for district court review of the clerk's taxation of costs upon motion).

Accordingly, this appeal is DISMISSED, *sua sponte*, for lack of jurisdiction. No petition for rehearing may be filed unless it complies with the timing and other requirements of 11th Cir. R. 40-3 and all other applicable rules. All pending motions, except Hamze's motion to reinstate, are DENIED as moot.